Anna Y. Park, (164242)
Connie K. Liem (791113)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Via Fax   FILED
08 SEP 29 PM 3:09

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1780 IEG JMA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> DILLARDS, INC., DILLARD STORE SERVICES, INC., AND DOES 1-11, INCLUSIVE, <br><br> Defendant(s). | COMPLAINT <br><br> CIVIL RIGHTS- EMPLOYMENT DISCRIMINATION <br><br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION AND JURISDICTION

This is an action under Title I of American with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful



employment practices on the basis of disability and to seek relief on behalf of Charging Party Corina Scott, Brittany Rios Kim, and others similarly-situated, who were adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission alleges that Defendants Dillards, Inc. and Dillard Store Services, Inc. ("Defendants") unlawfully subjected Charging Party Scott, Brittany Rios Kim, and other similarly-situated individuals to unlawful employment practices by requiring the disclosure of confidential medical information and interfering with their rights under the ADA in violation of Section 102 of the ADA, 42 U.S.C. § 12112. The Commission further alleges that Defendants subjected Scott to retaliatory discharge in violation of Section 503 of the ADA, 42 U.S.C. § 12203.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

3. Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.  At all relevant times, Defendants have continuously been Delaware corporations doing business within the jurisdiction of the Southern District of California, El Centro, California, and have continuously had at least 15 employees.

5.  At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of § 101(5) of the ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendants have been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.  All of the acts and failures to act alleged herein were duly performed by and attributable to each Defendant(s), each acting as a successor, agent, employee, alter ego, indirect employer, joint employer or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8.  Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 11, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## CONDITIONS PRECEDENT

9. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Corina Scott filed a charge of discrimination with the Commission alleging that Defendants violated Title I of the ADA.

10. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect Defendants' voluntary compliance with Title I through informal methods of conciliation, conference, and persuasion.

11. Prior to the institution of this lawsuit, all conditions precedent were satisfied.

## STATEMENT OF CLAIMS

12. Since at least 2005, Defendants have unlawfully subjected Charging Party Corina Scott, Brittany Rios Kim, and other similarly situated individuals to disability-related inquiries not justified by business necessity. More specifically, Defendants have engaged in a practice and policy not justified by business necessity of requiring employees to disclose the nature of their medical illness in violation of § 102, 42 U.S.C. § §12112.

13. Sometime during the Spring of 2005, Brittany Rios Kim called in sick to work due to medical illness. Shortly thereafter, Brittany Rios Kim was informed by Defendants that company policy required her doctor's note to state the nature of her medical illness requiring the absence from work, or the absence would be deemed unexcused. Because Brittany Rios Kim refused to reveal the nature of her illness to Defendants in the doctor's note, Rios' absence was deemed unexcused.

14. On or about May 30, 2005, Brittany Rios Kim fell ill at work and was taken to the hospital in an ambulance.

15. On or about May 31, 2005, Brittany Rios Kim called in sick and reported her need for medical leave to seek further medical treatment.

16. On or about June 3, 2005, Brittany Rios Kim submitted a doctor's

1  note from her primary care physician verifying a need for absence from May 30, 2005 through June 6, 2005.  This doctor's note did not state the nature of Brittany Rios Kim's medical illness.

17. On or about June 6, 2005, Brittany Rios Kim submitted another doctor's note from a cardiologist verifying a need for absence from work until June 15, 2005. This doctor's note did not state the nature of Brittany Rios Kim's medical illness.

18. On or about June 13, 2005, Brittany Rios Kim was informed that Defendant had terminated her employment for unexcused absences.

19. Due to illness, Charging Party Corina Scott was absent from her employment with Defendants on May 29, May 31, and June 2, 2006.

20. On or about June 5, 2006, Charging Party Corina Scott returned to work with a doctor's note confirming a return to work date of June 5, 2006. Defendants informed Scott that this doctor's note was unacceptable because it failed to state the nature of Scott's medical condition or illness pursuant to company policy.  Scott then objected to the policy requiring disclosure and complained to Defendants that such disclosure would violate federal privacy laws. Defendants then ordered Scott to have her doctor provide the nature of her illness on the doctor's note.

21. On or about June 6, 2006, Charging Party Corina Scott again objected to the policy requiring disclosure and refused to disclose the nature of her illness (medical condition) to Defendants.

22. In violation of § 503, 42 U.S.C. §12203(a), shortly thereafter on June 6, 2006, Defendants discharged Charging Party Corina Scott  in retaliation for having opposed  Defendants' policy requiring disclosure of the nature of her medical condition and for refusing to disclose her medical condition.

23. Defendants' practice and policy of subjecting Charging Party Corina Scott, Brittany Rios Kim, and other similarly-situated individuals interfered with

the enjoyment of their rights under § 503 of the ADA, 42 U.S.C. § 12203(b), to be free from medical inquiries that are not justified by business necessity.

24. The effect of the practices complained of as described in paragraphs 12 through 23 have been to deprive Charging Party Corina Scott, Britanny Rios Kim, and other similarly-situated individuals of equal employment opportunities.

25. The unlawful employment practices in paragraphs 12 through 23 above were intentional.

26. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party Corina Scott, Brittany Rios Kim, and other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminates on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of Section 102, 42 U.S.C. § 12112 and Section 503, 42 U.S.C. § 12203.

C. Order Defendants to make whole Charging Party Corina Scott, Brittany Rios Kim, and other similarly-situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in the amounts to be determined at trial.

D. Order Defendants to make whole Charging Party Corina Scott, Brittany Rios Kim, and other similarly-situated individuals by providing compensation for non-pecuniary losses resulting from the unlawful employment

1 | practices described above in the amounts to be determined at trial. The non-
2 | pecuniary losses include emotional pain, suffering, inconvenience, mental anguish,
3 | humiliation and loss of enjoyment of life, in amounts to be determined at trial.

4    E. Order Defendants to pay Charging Party Corina Scott, Brittany Rios
5 | Kim, and other similarly-situated individuals punitive damages for its malicious
6 | and/or reckless conduct in an amount to be determined at trial.

7    F. Award the Commission its costs of this action.

8    G. Grant such further relief as the Court deems necessary and proper in
9 | the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Dated: September 29, 2008   _____ (Via PDF)

ANNA Y. PARK
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*Via Fax*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

(b) County of Residence of First Listed Plaintiff: LA / Los Angeles County
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Anna Park and Connie Liem, U.S. EEOC, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012 (213) 894-1083

### DEFENDANTS
08 SEP 29 PM 3:08

DILLARDS, INC., DILLARD STORES SERVICES, INC., AND DOES 1-11, INCLUSIVE

County of Residence of First Listed Defendant: Imperial County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): 08 CV 1780 IEG JMA

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | [X] 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 102, 42 U.S.C. § 12112 and Section 503, 42 U.S.C. § 12203

Brief description of cause: Unlawful employment practices by requiring employee disclosure of confidential medical information and retaliatory discharge for refusing to comply.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 09/29/2008
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____


CR