# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL OPPORTUNITY COMMISSION,<br><br>                    Plaintiff,<br><br>vs.<br><br>DILLARD'S INC., DILLARD STORE SERVICES, and DOES 1-11, inclusive,<br><br>                    Defendants. | **CASE NO: 08-CV-1780-IEG (PCL)**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PRECLUDE CLAIMS**<br><br>[Doc. No. 31] |

Presently before the Court is a motion to preclude claims by the United States Equal Opportunity Commission ("EEOC") on behalf of persons other than Corina Scott, filed by Defendants Dillard's Inc. and Dillard Store Services, Inc. (collectively "Dillard's"). [Doc. No. 31.] For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

## BACKGROUND

On June 12, 2006, Corina Scott, a former employee at Dillard's El Centro store, filed a charge with the EEOC alleging disability discrimination. Scott claimed that a store manager violated her rights under the Americans with Disabilities Act ("ADA") by terminating her employment because, after missing work due to an illness, she provided physician's notes stating she missed work for

medical reasons, but she refused to provide a note stating the nature of her illness.  The EEOC notified Dillard's of Scott's claim and initiated an investigation.

The "Notice of Charge of Discrimination" issued by the EEOC sought a position statement from Dillard's, but did not request specific information or documents.  A checked box on the top right corner of the Notice indicated that Scott "claim[ed] to be aggrieved," but not that she was filing on behalf of others.  After receiving the charge, Dillard's submitted the following to the EEOC: a position statement; excerpts from Scott's personnel file; a list of other El Centro associates who, like Scott, had been discharged for excessive absenteeism between January 1, 2006, and July 1, 2006; and the attendance policy of Dillard's El Centro store, which stated that for a health-related absence to be excused, the employee was required to present a physician's note identifying the nature of the employee's illness.

The EEOC then issued a Request for Information, seeking termination documents and other information for the thirty-two El Centro store associates previously identified by Dillard's, additional information regarding Scott, and information regarding Brittany Rios Kim, a former employee of the El Centro store whom Dillard's had not previously identified.  The EEOC also asked whether the policy regarding doctor's notes was a companywide policy; Dillard's confirmed it was.  Over the course of an approximately two-year investigation, the EEOC sought no additional information from Dillard's.

On August 10, 2007, the EEOC issued a Determination letter, stating:

> Based upon the analysis of the evidence the Commission has determined that reasonable cause exists to believe that Charging Party [Scott] and at least one similarly-situated individual was subjected to disability-related/medical inquiries in violation of the ADA.  Furthermore, reasonable cause exists to believe that [Scott] was subjected to discharge in retaliation for having opposed and/or complained about [Dillard's] policy requiring disclosure of disability-related medical information in violation of the ADA.

[Decl. of Nanette Savage ISO Def.'s Mot. [hereinafter "Savage Decl."], Ex. 6 (the Determination letter).]  Therefore, the EEOC's determination on disability inquiries was limited to Scott and "at least one similarly situated employee," and its determination on retaliatory discharge was limited to Scott.  The Determination further indicated the EEOC had completed its investigation and it would begin conciliation efforts "to resolve all matters where there is reason to believe that violations have occurred."

On August 17, 2007, the EEOC began conciliation efforts, proposing to settle "all monetary damages for [Scott] and identified class member Brittany Rios Kim" for a "global figure of $325,137.50," which purported to "constitute[] pecuniary, compensatory (lost wages, benefits, etc.), non-pecuniary compensatory (emotional distress, pain and suffering), and punitive damages." [Id. Ex. 7.] Rios Kim was not one of the associates about whom Dillard's initially disclosed information to the EEOC, but she was the only associate, other than Scott, about whom the EEOC specifically sought information during its investigation. The Offer of Conciliation did not seek or suggest a process for indentifying "other aggrieved individuals," "similarly-situated individuals," or "class members," and it did not seek damages for a putative class.

The Offer of Conciliation also sought to revise Dillard's companywide disability discrimination policy, which was neither requested nor produced during the investigation. The offer did not reference Dillard's attendance policy specifying the required content for a doctor's note to excuse an absence—the policy at the center of Scott's claim. Nor did the offer define the geographic scope of the requested changes to Dillard's policy. The Offer of Conciliation concluded:

> Please note that the Commission reserves the right to seek any and all appropriate relief under the applicable statute in the event that conciliation is not successful and litigation is commenced. That is, additional remedies provided by law may be sought for additional class members and time periods over and above the remedies described herein. . . . The above proposals are lower than the remedies the Commission may seek if litigation is commenced in order to allow your organization to resolve the matter in good faith without court action.

[Id.] Dillard's declined the Offer of Conciliation on August 21, 2007. On August 27, 2007, the EEOC issued a notice that further conciliation efforts would be futile, pursuant to 42 U.S.C. § 2000e-5(b).

On September 29, 2008, the EEOC initiated this action. The EEOC's complaint makes specific allegations pertaining only to Scott and Rios Kim. It also refers to "other similarly-situated individuals," and Dillard's "practices," but it does not identify other individuals or define the substantive or geographic scope of the alleged "practices." It describes Dillard's as corporation doing business in El Centro, California, but makes no reference to Dillard's national presence.

After Dillard's answered the EEOC's complaint, the EEOC issued a request for written discovery, nationwide in scope. Dillard's now moves to preclude all claims by the EEOC on behalf of individuals other than Corina Scott. In the alternative, Dillard's seeks to limit the EEOC's claims on

1  behalf of current and former employees of its El Centro store.  Dillard's also seeks to preclude as time
2  barred the EEOC's claims on behalf of Brittany Rios Kim.

## LEGAL STANDARD

### I.     Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction, and have power to hear only those cases authorized by the Constitution and statutes enacted by Congress.  *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  Therefore, federal courts have an obligation to dismiss claims for which they lack subject-matter jurisdiction.  *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983).

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction.  "A Rule 12(b)(1) jurisdictional attack may be either facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (internal citations omitted).  "The court need not presume the truthfulness of the plaintiff's allegations."  *Safe Air for Everyone*, 373 F.3d at 1039 (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*  When resolving a facial dispute, the Court assumes a plaintiff's factual allegations to be true and draws all reasonable inferences in his favor.  *Id.*

### II.    Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  In considering whether a plaintiff has stated a claim, the Court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). The Court need not accept "legal conclusions" as true. *Iqbal*, 129 S. Ct. at 1949. Despite the deference the Court must pay to the plaintiff's allegations, it is not proper for the Court to assume that "the [plaintiff] can prove facts that it has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## **DISCUSSION**

Title VII requires the EEOC to complete several administrative steps prior to initiating a civil action. *See* 42 U.S.C. § 2000e-5(b); *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 607 (9th Cir. 1982). Dillard's does not argue that the EEOC entirely failed to complete any of Title VII's administrative prerequisites; rather, Dillard's argues that the EEOC's pre-litigation efforts did not provide sufficient notice of the scope of the potential claims against Dillard's—specifically, that the claims potentially extended nationwide. Dillard's also argues that the EEOC's claims on behalf of Rios Kim are time barred. Before turning to the substance of those issues, however, the Court will address the EEOC's procedural challenges to Dillard's 12(b)(1) motion.

I.      **The Procedural Sufficiency of Dillard's Motion**

The EEOC argues that Dillard's motion should be denied as procedurally improper for two reasons: (1) Rule 12(b)(1) does not permit partial dismissals, and (2) Title VII's pre-litigation requirements are not jurisdictional prerequisites, so they are not subject to dismissal under Rule 12(b)(1). In this case, however, neither issue precludes the remedy sought in Dillard's motion: dismissal of only certain of the EEOC's claims.

First, the EEOC argues that Rule 12(b)(1) permits the Court only two options: dismiss the entire action or let all claims stand.[1] Nothing in Rule 12(b)(1), however, requires the Court to dismiss all or none of a plaintiff's claims where only some claims lack subject-matter jurisdiction. Moreover, dismissal of only those claims for which the Court lacks jurisdiction is appropriate, given the Court's obligation to dismiss claims for which it lacks subject-matter jurisdiction and the Court's inherent power to control its docket. *See Demarest*, 718 F.2d at 965 (federal courts must dismiss claims where subject-matter jurisdiction is lacking); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[A] district court possesses the inherent power to control its docket and promote efficient use of judicial resources.") (citations omitted); *see also, e.g.*, *EEOC v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250 (D. Colo. 2007) (granting the defendants' Rule 12(b)(1) motion to dismiss the EEOC's nationwide claims for lack of subject-matter jurisdiction, but permitting more geographically limited claims to proceed); *Burrell v. Nicholsen*, No. CV-F-08-067, 2008 WL 2705153 (E.D. Cal. July 8, 2008) (on a Rule 12(b)(1) motion, dismissing some, but not all, of the plaintiff's Title VII claims). Thus, the Court may dismiss some of the EEOC's claims under Rule 12(b)(1) while permitting others to stand.

Second, the Ninth Circuit consistently characterizes the EEOC's pre-litigation requirements under 42 U.S.C. § 2000e-5(b) as jurisdictional limitations to EEOC's initiating civil actions in federal court.[2] *Pierce Packing*, 669 F.2d at 607 ("Genuine investigation, reasonable cause determination and

---

[1] To support this position, the EEOC relies entirely on one sentence from the U.S. Supreme Court's decision in *Arbaugh v. Y&H Corporation*: "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., *Moore's Fed. Practice* § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)). The EEOC's reliance is misplaced, however, as it stretches the sentence into a broader statement of law than the context of the sentence suggests was intended.

In *Arbaugh*, the U.S. Supreme Court discussed the significance of finding statutory requirements to be "jurisdictional" in nature. In the portion of the decision from which the EEOC pulled that sentence, the Court noted that when a federal court concludes that it lacks subject-matter jurisdiction over a federal claim because the claim's jurisdictional prerequisites have not been met, the court must dismiss that claim as well as any pendant state-law claims. *Id. Arbaugh* did not address the issue raised here: whether a federal court can limit the scope of federal claims before it where it finds that a plaintiff has satisfied jurisdictional prerequisites for only some federal claims.

[2] The EEOC, argues the Supreme Court's decision in *Arbaugh* establishes that, as a matter of law, *none* of Title VII's administrative prerequisites to filing suit are jurisdictional in nature. But *Arbaugh* held only that Title VII's statutory definition of "employer" is not a "jurisdictional" prerequisite for the EEOC to file suit, but a substantive element of a Title VII claim. 546 U.S. at 514-16. *Arbaugh* made no broad statement about all of Title VII's pre-litigation requirements.

conciliation are jurisdictional conditions precedent to suit by the EEOC . . . ."); *EEOC v. Bruno's Rest.*, 13 F.3d 285, 288 (9th Cir. 1993) ("Conciliation is a jurisdictional condition precedent to suit by the EEOC."); *see also Munoz v. Mabus*, 630 F.3d 856, 861 n.3 (9th Cir. 2010) (noting that the EEOC cannot "'leapfrog[]' Title VII administrative procedures, which serve as jurisdictional prerequisites, by bringing an action to enforce a predetermination settlement agreement." (quoting *Pierce Packing*, 669 F.2d at 609)). Furthermore, district courts in this Circuit treat Title VII's pre-litigation requirements as jurisdictional limitations. *E.g.*, *EEOC v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1051-52 (E.D. Cal. 2010); *EEOC v. Cal. Psychiatric Transitions, Inc.*, 725 F. Supp. 2d 1100, 1114-15 (E.D. Cal. 2010) [hereinafter "*Cal. Psychiatric II*"]; *U.S. EEOC v. NCL Am., Inc.*, 536 F. Supp. 2d 1216, 1220 (D. Haw. 2008); *EEOC v. Hometown Buffet, Inc.*, 481 F. Supp. 2d 1110, 1113 (S.D. Cal. 2007). This Court finds no reason to ignore the Ninth Circuit's statements or the clear trend among sister courts in this Circuit.[3] It will therefore consider Dillard's challenge to the sufficiency of the EEOC's pre-litigation efforts under Rule 12(b)(1).

However, given the particular circumstances of this case, the question of whether the pre-litigation requirements Title VII imposes on the EEOC are jurisdictional limitations subject to a Rule 12(b)(1) motion is largely academic. If Title VII's prerequisites are not jurisdictional, then they are

---

Nor do the two post-*Arbaugh* decisions in the Ninth Circuit cited by the EEOC. In *Fleming v. Yuma Regional Medical Center*, the Ninth Circuit held only that *Arbaugh*'s finding that the fifteen-employee minimum formed part of the "substantive" claim rather than a jurisdictional prerequisite did not mean that the provision was a "substantive" rather than a "procedural" requirement for a Title VII claim. 587 F.3d 938, 946 (9th Cir. 2009). In *Swift v. Realty Executives Nevada's Choice*, the Ninth Circuit held that, for the same reasons that *Arbaugh* held Title VII's definition of "employer" is not a jurisdictional prerequisite, neither is the statute's definition of "employee." 211 Fed. Appx. 571, 573 (9th Cir. Nov. 29, 2006).

[3] Since *Arbaugh*, however, there has been some disagreement among federal courts in other circuits as to whether Title VII's preconditions to the EEOC's filing a civil suit are jurisdictional or merely elements of a Title VII claim. *Compare, e.g.*, *Outback*, 520 F. Supp. 2d at 1262 ("Where the EEOC fails to exhaust administrative remedies prior to bringing a public enforcement suit pursuant to Title VII, a court lacks subject matter jurisdiction over the action." (citing *EEOC v. Am. Nat'l Bank*, 652 F.2d 1178, 1185 (4th Cir. 1981))); *U.S. EEOC v. Lockheed Martin Global Telecomms., Inc.*, 514 F. Supp. 797, 806 (D. Md. 2007) (the EEOC's conciliation requirement—in which "the EEOC must outline the basis for its determination of discrimination"—is a "jurisdictional requirement to filing suit"); *EEOC v. CSRT Van Expedited, Inc.*, No. 07-cv-95, 2009 WL 2524402, at *19 (N.D. Iowa Aug. 13, 2009); *with EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 469 (5th Cir. 2009) (interpreting *Arbaugh* and concluding "that the EEOC's conciliation requirement is a condition to suit but not a jurisdictional prerequisite."); *EEOC v. Hibbling Taconite Co.*, 266 F.R.D. 260, 268 n.3 (D. Minn. Dec. 7, 2009) (relying on *Agro Distrib.*); *EEOC v. Serv. Temps, Inc.*, No. 3:08-CV-1552, 2010 WL 2381499, at *1-3 & n.3 (N.D. Tex. June 11, 2010) (same).

elements of a claim under Title VII, properly addressed on a Rule 12(b)(6) motion.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511-15 (2006).  If the Court were to conclude Title VII's conditions precedent are not jurisdictional requirements, it could still address the substance of Dillard's motion by construing it as a 12(b)(6) motion to dismiss.  *See Burgess v. City & Cnty. of San Francisco*, 955 F.2d 47, 1992 WL 26545, at *2 (9th Cir. Feb. 18, 1992) (unpublished) (finding appropriate a district court's construal of a 12(b)(1) motion to dismiss as a challenge to the sufficiency of the pleadings); *see also Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)." (citing *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981))).  Where, as here, "a defendant challenges the sufficiency of the jurisdictional allegations in the Complaint, the same standards apply to a Rule 12(b)(1) motion as apply to a motion under Rule 12(b)(6)."  *McMullen  v. United States*, Civ. No. 10–00775, 2011 WL 1364207, *1 (D. Haw. Apr. 11, 2011) (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)); *see Dichter-Mad Family Partners, LLP v. United States*, 707 F. Supp. 2d 1016, 1025 n.10 (C.D. Cal. 2010) ("[M]otions to dismiss on jurisdictional grounds are governed by the standard pleading rules of Fed. R. Civ. P. 8(a)." (citing *Doe v. Holy See*, 557 F.3d 1066, 1074 (9th Cir. 2009) (per curiam))).  For all practical purposes, then, the result here would be the same whether Title VII's conditions precedent to litigation are jurisdictional requirements or merely elements of a Title VII claim.  Thus, in this case, procedural formalities do not preclude the relief Dillard's seeks.

Third, regarding Dillard's challenge to the EEOC's claims on behalf of Rios Kim, a "[f]ailure to file an EEOC charge within the prescribed 300-day period is not a jurisdictional bar, but it is treated as a violation of a statute of limitations, complete with whatever defenses are available to such a violation, such as equitable tolling and estoppel."  *Cal. Psychiatric I*, 644 F. Supp. 2d at 1264 (citing *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986)); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding the same for Title VII claims brought by individual plaintiffs).  Accordingly, the Court considers this portion of Dillard's motion under Rule 12(b)(6).

## II.     Whether the EEOC Satisfied Its Statutory Prerequisites to Filing Suit on Behalf of a Nationwide Class

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., grants "the EEOC 'broad enforcement powers by authorizing it to bring civil actions in federal district court against private

employers reasonably suspected of violating Title VII.'" *Outback*, 520 F. Supp. 2d at 1262 (quoting *EEOC v. St. Louis-S.F. Ry. Co.*, 743 F.2d 739, 743-44 (10th Cir. 1984)).  While the EEOC enjoys wide latitude in investigating and filing lawsuits related to charges of discrimination, Title VII limits that latitude to some degree by "plac[ing] a strong emphasis on administrative, rather than judicial, resolution of disputes."  *E.E.O.C. v. Jillian's of Indianapolis, IN, Inc.*, 279 F. Supp. 2d 974, 979 (S.D. Ind. 2003) (citing *EEOC v. Zia*, 582 F.2d 527, 529 (10th Cir. 1978)); *see Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 367-68 (1977) ("When Congress first enacted Title VII in 1964 it selected '[c]ooperation and voluntary compliance . . . as the preferred means for achieving' the goal of equality of employment opportunities." (quoting *Alexander v. Gardner Denver Co.*, 415 U.S. 36, 44 (1974))).  Title VII "establishes a comprehensive administrative procedure whereby the parties involved, including the EEOC, have the fullest opportunity to resolve charges of discrimination without resorting to the courts."  *EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1184-85 (4th Cir. 1981). Thus, before it can initiate civil litigation, Title VII requires the EEOC to (1) receive a charge from an individual and to notify the employer of the charge, (2) investigate that charge and related charges, (3) determine that "reasonable cause" exists to believe that discrimination occurred, and (4) attempt conciliation of all charges against the employer.  *See* 42 U.S.C. § 2000e-5(b); *Pierce Packing*, 669 F.2d at 607.

The question here is not whether the EEOC completed the pre-litigation steps outlined in Title VII, but whether the nature and scope of the EEOC's pre-litigation efforts were sufficient to put Dillard's on notice that it potentially faced claims arising from a nationwide class of current and former employees.  The parties agree on the content of the relevant communications between them prior to the EEOC's filing of this action; they disagree on the appropriate inferences to draw from those communications.

"It is well settled that the EEOC's investigation must occur within the 'scope of the charge'— that is, it must reasonably grow out of the charge underlying it."  *Jillian's*, 279 F. Supp. 2d at 979.  "It is also well settled that a lawsuit must be like or reasonably related to the underlying EEOC charge." *Id.* "Each step along the administrative path—from charge to investigation and from investigation to lawsuit—must grow out of the one before it."  *Id.* (citing *Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000)).  The EEOC may seek relief on behalf of individuals beyond the charging parties

and for alleged wrongdoing beyond those originally charged; however, the EEOC must discover such individuals and wrongdoing *during the course of its investigation*. *Id.* at 980; *see also EEOC v. Harvey L. Walner & Assoc.*, 91 F.3d 963, 968 (7th Cir. 1996) ("[The] EEOC may allege in a complaint whatever unlawful conduct it has uncovered during the course of its investigation, provided that there is a reasonable nexus between the initial charge and the subsequent allegations in the complaint."); *EEOC v. United Parcel Serv.*, 94 F.3d 314, 318 (7th Cir. 1996) ("[The EEOC] may, to the extent warranted by an investigation reasonably related in scope to the allegations of the underlying charge, seek relief on behalf of individuals beyond the charging parties who are identified during the investigation."); *Weigel v. Baptist Hospital of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002) ("[W]here facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." (internal quotation marks omitted)); *cf. EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) ("[T]he jurisdictional scope of [an individual] Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation.") (internal quotation marks omitted). The relatedness of the initial charge, the EEOC's investigation and conciliation efforts, and the allegations in the complaint is necessary to provide the defendant-employer adequate notice of the charges against it and a genuine opportunity to resolve all charges through conciliation. *See Outback*, 520 F. Supp. 2d at 1263 (citing *Am. Nat'l Bank*, 652 F.2d at 1185).

   The EEOC can seek relief for individuals situated similarly to the charging party and is not required to identify every potential class member. Here, the EEOC communicated with Dillard's company headquarters in Arkansas rather than representatives in California, and it asked whether the policy in question was "company-wide," its investigation. Thus, the EEOC argues, its investigation provided sufficient notice of the potential for claims from a nationwide class. In support of its position, the EEOC relies heavily on *Lucky Stores, Inc. v. EEOC*, 714 F.2d 911 (9th Cir. 1983), and *EEOC v. American National Bank*, 652 F.2d 1176 (4th Cir.1981).

   In both of those cases, the defendants unsuccessfully sought to limit the EEOC's claims by arguing that because he EEOC's pre-litigation efforts were limited to just one warehouse (*Lucky Stores*) or bank branch (*American National Bank*), claims related to other facilities were beyond the scope of the EEOC's investigation. But the defendants in those cases were regional employers with

only a few facilities, not national employers like Dillard's. Thus, the EEOC's investigations, which focused on the defendants' companywide policies, provided adequate notice of the potential for claims arising from facilities other than those directly investigated. *See Lucky Stores*, 714 F.2d at 911-13 (EEOC investigation into warehouse hiring and firing practices that focused on one California warehouse (Vacaville) provided sufficient notice for claims arising from two other California warehouses (Sacramento and San Leandro)); *Am. Nat'l Bank*, 652 F.2d at 1181-86 (investigation into a branch in Suffolk, Indiana provided sufficient notice for claims arising from Bank's branches in Portsmouth, Indiana).

The EEOC further suggests that the Court should adopt the Fourth Circuit's reasoning in *American National Bank*, which defined the crucial issue as whether the facilities engaged in the same practices when there was common ownership and control over the facilities.[4] 652 F.2d at 1185-86. While that reasoning might be persuasive in some circumstances, it is not persuasive in a case such as this, which involves a nationwide employer with individual facilities that do not share common management. *See Outback*, 520 F. Supp. 2d at 1265 (finding *American National Bank* inapplicable "[i]n the context of a nationwide civil enforcement suit—as opposed to a regional suit potential implicating a limited number of branches in only two cities").

The EEOC enjoys significant latitude to investigate claims of discrimination, and to allege claims in federal court based on the results of its investigations, but there is a clear and important distinction between "facts gathered during the scope of an investigation and facts gathered during the discovery phase of an already-filed lawsuit." *See Jillian's*, 279 F. Supp. 2d at 979; *CRST*, 2009 WL 2524402, at *17 (quoting *EEOC v. Target Corp.*, No. 02-C-146, 2007 WL 146128 (E.D. Wis. May 16, 2007)). Where the scope of its pre-litigation efforts are limited—in terms of geography, number of claimants, or nature of claims—the EEOC "may not use discovery in the resulting lawsuit 'as a fishing expedition' to uncover more violations." *Target*, 2007 WL 146128, at *3 (citing *Walner*, 91 F.3d at 971); *see also, e.g.*, *EEOC v. CSRT Van Expedited, Inc.*, No. 07-cv-95, 2009 WL 2524402 (N.D. Iowa

---

[4] Notably, in *Lucky Stores*, the Ninth Circuit did not reject the reasoning of *American National Bank*, but it declined to expressly adopt it. 714 F.2d at 913 ("We need not decide here whether to accept the rule of *American National Bank* that unified operation and control of separate plants is itself sufficient to permit their inclusion in the litigation.").

11

1  Aug. 13, 2009) (the EEOC may not use discovery and other civil litigation processes to expand the
2  scope of its allegations); *Outback*, 520 F. Supp. 2d at 1262 (same); *Jillian's*, 279 F. Supp. 2d at 979
3  (same).

Title VII requires the EEOC to notify employers of and provide them an opportunity to conciliate all claims against them before initiating a civil suit in federal court.  Here, except for one inquiry as to whether the policy in question was companywide, the EEOC's investigation focused entirely on Dillard's El Centro store.  Similarly, except for suggested changes to Dillard's companywide disability discrimination policy, the EEOC's conciliation efforts focused on two individuals—Scott and Rios Kim—both of whom worked at the El Centro store.  Although communications from the EEOC to Dillard's refer generically to other "similarly-situated" individuals, the EEOC provided no affirmative indication during its investigation or conciliation efforts that its allegations might result in nationwide claims on behalf of current and former Dillard's employees.  Thus, the EEOC's pre-litigation efforts failed to provide sufficient notice that Dillard's potentially faced claims on behalf of a nationwide class.  The scope of the EEOC's pre-litigation efforts was sufficient, however, to put Dillard's on notice of possible claims on behalf of current and former employees of its El Centro store.  *See Outback*, 520 F. Supp. 2d at 1267 (where the investigation focused on a three-state region, the EEOC's references to "Charging Part[ies] and a class of females" may have put defendants on notice of a potential regional class, but not a potential nationwide class); *Jillian's*, 279 F. Supp. 2d at 983 (the reference in the EEOC's determination to a "class of similarly-situated male employees and applicants" provided sufficient notice of a potential "local class").

Accordingly, to the extent Dillard's motion seeks to preclude EEOC claims on behalf of all individuals other than Corina Scott, it is **DENIED**.  To the extent, however, Dillard's motion seeks to limit the EEOC's claims to current and former employees of the El Centro store, it is **GRANTED**.

### III.     Whether the EEOC's Claims on Behalf of Brittany Rios Kim Are Time Barred

Dillard's also seeks to preclude claims brought on behalf of Brittany Rios Kim, whose claims would be time barred if brought by Rios Kim herself.  Title VII requires individual claimants to file a charge of employment discrimination with the EEOC within, at most, 300 days of an alleged unlawful employment practice.  *See* 42 U.S.C. § 2000e-5(e)(1) (an individual must file a charge with the EEOC within 180 days of an alleged unlawful employment practice, unless he initially files a charge with a

1  state or local agency, in which case a charge must be filed with the EEOC within 300 days of the
2  alleged act of discrimination or thirty days of the local agency's decision to terminate its proceedings,
3  whichever is earlier). The EEOC must notify the employer of such charges within ten days of
4  receiving them. *Id.* A named plaintiff who files a timely charge with the EEOC may bring a civil class
5  action on behalf of class members who have not themselves filed charges with the EEOC. *Domingo v.*
6  *New England Fish Co.*, 727 F.2d 1429, 1442 (9th Cir. 1984) (citing Albermarle Paper Co. v. Moody,
7  422 U.S. 405, 414 n.8 (1975)). The filing of a class action suspends the applicable statute of limitation
8  for all class members, and the named plaintiff "may represent all class members whose claims were
9  not already time-barred at the time he filed his charge, irrespective of whether the class members had
10  filed charges of their own." *Domingo*, 727 F.2d at 1442 (citations omitted); *see Fonseca v. Sysco Food*
11  *Servs. of Ariz., Inc.*, 374 F.3d 840, 845 (9th Cir. 2004) (plaintiff's claim was time barred because he
12  did not file a charge with the EEOC within 300 days of the discriminatory act).

   Thus, Dillard's argues that, at most, Rios Kim had 300 days from her allegedly discriminatory
termination on June 13, 2005, to file a charge with the EEOC; that is, until April 10, 2006. Her claim
was therefore time barred when Scott filed her charge with the EEOC on June 12, 2006, and neither
Scott nor the EEOC can assert claims for Rios Kim as a result.

   The EEOC responds that it may seek relief on behalf of individuals beyond those specifically
identified during its investigation—including individuals who have not filed charges with the EEOC.
*See EEOC v. Cal. Psychiatric Transitions, Inc.*, 644 F.Supp.2d 1249, 1272 (E.D. Cal. 2009)
[hereinafter "*Cal. Psychiatric I*"] (quoting *United Parcel Serv.*, 94 F.3d at 318). It follows, the EEOC
argues, that the EEOC can bring claims on behalf of individuals without regard to the time limits set
out in Title VII. To support its position, the EEOC relies on *Occidental Life Insurance Co. of*
*California v. EEOC*, 432 U.S. 355, 366-68 (1977).

///
///
///
///
///
///

*Occidental* held that a provision of Title VII[5] that permits an "aggrieved person unwilling to await the conclusion of EEOC proceedings [to] institute a private lawsuit 180 days after a charge has been filed . . . imposes no limitation upon the power of the EEOC to file suit in federal court." 432 U.S. at 366. "The issue in *Occidental*, however, was whether the EEOC was time-limited in its ability to bring suit in federal court pursuant to [Title VII], not the temporal scope of that lawsuit." *EEOC v. Kaplan Higher Ed. Inc.*, ---F. Supp. 2d---, 2011 WL 1775746, at *3-4 (N.D. Ohio May 10, 2011). Title VII "bars enforcement actions based on charges that were not timely filed with the EEOC." *EEOC v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 634 (S.D.N.Y. 2010) (citing 42 U.S.C. § 2000e-5(e)(1)). "[N]othing in [Title VII] indicates that Congress intended to allow the EEOC to revive otherwise stale individual claims." *Id.* (citing *EEOC v. Burlington Med. Supplies*, 536 F. Supp. 2d 647, 659 (E.D. Va. 2008); *EEOC v. Freeman*, No. RWT 09cv2573, 2010 WL 1728847, at *4 (D. Md. Apr. 27, 2010)); *see also Occidental*, 432 U.S. at 368 (the prompt filing of a charge is important to the EEOC's "integrated, multistep enforcement process"). "The EEOC must satisfy the elements of an actionable claim for each aggrieved person in this [§ 2000e-5] case," including its temporal limits on the life of individual claims. *EEOC v. O'Reilly Automotive, Inc.*, Civ. No. H-08-2429, 2010 WL 5391183, at *10-11 (S.D. Tex. Dec. 14, 2010).

Title VII's time limits related to the filing of discrimination claims apply to the EEOC. Thus, Brittany Rios Kim's claims are time barred. The EEOC has made no claims suggesting equitable tolling of or any other applicable defenses to Title VII's time limits are appropriate in this case. Accordingly, Dillard's motion to dismiss the EEOC's claims on Rios Kim's behalf is **GRANTED**.

---

[5] The provision of Title VII discussed in *Occidental* states, in relevant part:

> If a charge filed with the Commission . . . is dismissed by the Commission, or within one hundred and eighty days from the filing of such charge or the expiration of any period of reference [from a state agency], whichever is later, the Commission has not filed a civil action under this section . . . , or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

42 U.S.C. § 2000e-5(f)(1).

Because, however, Title VII's time limits are subject to fact-specific defenses, the EEOC's claims for Rios Kim are **DISMISSED WITHOUT PREJUDICE**.

### CONCLUSION

For the reasons stated above, Defendants' motion to preclude claims is **GRANTED IN PART** and **DENIED IN PART**. The Court Orders as follows:

1. Defendants' motion to preclude all claims other than those asserted by the EEOC on behalf of Corina Scott is **DENIED**;

2. Defendants' motion to preclude claims asserted by the EEOC on behalf of individuals other than current and former employees of Defendants' store in El Centro, California, is **GRANTED**; and

3. Defendants' motion to bar the EEOC's claims on behalf of Brittany Rios Kim as untimely is **GRANTED**. These claims are **DISMISSED WITHOUT PREJUDICE**. If the EEOC chooses to amend its claims on Rios Kim's behalf, it shall do so within 21 days of this Order.

**IT IS SO ORDERED.**

**DATED:** 7/14/11

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**