# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL OPPORTUNITY COMMISSION,<br><br>                    Plaintiff,<br><br>vs.<br><br>DILLARD'S INC., DILLARD STORE SERVICES, and DOES 1-11, inclusive,<br><br>                    Defendants. | CASE NO: 08-CV-1780-IEG (PCL)<br><br>**ORDER (1) GRANTING PLAINTIFF'S** *EX PARTE* **RULE 56(d) MOTION, AND (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. Nos. 53 & 59] |

Defendants Dillard's Inc. and Dillard Store Services, Inc. (collectively "Dillard's") have moved for summary judgment under Federal Rule of Civil Procedure 56. Plaintiff EEOC opposes the motion under Rule 56(d).[1] Having considered the parties' submissions, the Court **GRANTS** the EEOC's Rule 56(d) motion [Doc. No. 59] and **DENIES WITHOUT PREJUDICE** Dillard's motion for summary judgment. [Doc. No. 53.]

///

///

---

[1] Former Federal Rule of Civil Procedure 56(f) was amended in 2010. It is now set forth in Rule 56(d). "Subdivision (d) carries forward without substantial changes the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's note.

1

**BACKGROUND**

On September 29, 2009, the EEOC initiated this action against Dillard's to correct practices allegedly violative of the Americans with Disabilities Act of 1990 (the "ADA") and to seek relief for Ms. Corina Scott and other individuals adversely affected by those practices. Specifically, the EEOC alleges Dillard's inquired into its employees' health-related issues without limiting its inquiries to job-related functions as required by the ADA.

The commencement of discovery was delayed in this case while the parties attempted, without success, to reach a settlement. The EEOC issued its first document production request in late-February 2011; Dillard's issued its first interrogatories and production requests in late-April 2011. Dillard's filed its motion for summary judgment on September 1, 2011, and noticed four depositions of EEOC claimants and witnesses on six days later. On September 16, 2011, the EEOC issued its first interrogatories and noticed depositions of Dillard's 30(b)(6) designee and the manager of its El Centro store. Discovery is set to close in this matter on January 3, 2012.

The hearing on Dillard's motion for summary judgment is currently scheduled for October 17, 2011. Under Civil Local Rule 7.1.e.2, the EEOC's opposition is due on or before October 3, 2011.

**LEGAL STANDARD**

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).

The moving party bears the burden of showing that the absence of a genuine issue of material fact with respect to an essential element of the nonmoving party's claim, or to a defense on which the nonmoving party will bear the burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos. Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the nonmoving party would bear the burden of proof at trial, the moving party may satisfy its burden on summary judgment by simply pointing out to the Court an absence of evidence from the nonmoving party. *Miller*, 454 F.3d at 987. The Court must

1  draw all reasonable inferences in favor of the nonmoving party.  *Hernandez v. Spacelabs Med. Inc.*,
2  343 F.3d 1107, 1112 (9th Cir. 2000).
3       Federal Rule of Civil Procedure 56(d) provides that the court may deny or continue a motion
4  for summary judgment "[i]f a party opposing the motion shows by affidavit that, for specified reasons,
5  it cannot present facts essential to justify its opposition."  The requesting party must show that (1) it
6  has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts
7  sought exist and (3) the sought-after facts are essential to oppose summary judgment.  *Family Home &*
8  *Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  District courts
9  should grant a Rule 56(d) motion "fairly freely" where a summary judgment motion is filed before a
10 party has had a realistic opportunity to pursue discovery relevant to its theory of the case.  *Burlington*
11 *Northern Santa Fe R. Co. v. Assinboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773
12 (9th Cir. 2003).

### DISCUSSION

14      The EEOC contends that it cannot adequately respond to Dillard's summary judgment motion
15 without the time necessary to complete discovery.  Specifically, the EEOC argues it needs to complete
16 additional discovery related to the specific contours of Dillard's policies and the actual implementation
17 of those policies at Dillard's El Centro store.  The EEOC argues its scheduled depositions of Dillard's
18 Rule 30(b)(6) representatives and the manager of its El Centro store, as well as interrogatories
19 regarding individuals affected by Dillard's policies, will result in evidence crucial to opposing Dillard's
20 summary judgment motion.  [*See generally* Decl. of EEOC Trial Attorney Thomas Lepak, Doc. No.
21 59-2.]  Dillard's argues the EEOC has failed to show the discovery sought is relevant to its theory of
22 the case, and that the EEOC has not diligently pursued discovery up to this point in the litigation.
23      The EEOC has set forth the facts it hopes to elicit and shown that those facts exist and are
24 essential to its opposition to Dillard's motion for summary judgment.  *See Family Home & Fin. Ctr.*,
25 525 F.3d at 827.  Moreover, given the parties' late start on discovery due to settlement negotiations,
26 and that, per the Court's scheduling order, discovery is not set to close until January 3, 2012, the Court
27 does not find that the EEOC has pursued discovery in a dilatory manner.  Thus, the Court **GRANTS**

the EEOC's Rule 56(d) motion and **DENIES WITHOUT PREJUDICE** Dillard's motion for summary judgment.

## CONCLUSION

The EEOC's Rule 56(d) motion is **GRANTED**.  [Doc. No. 59.]  Accordingly, Dillard's motion for summary judgment is **DENIED WITHOUT PREJUDICE** to re-noticing on January 3, 2012, or thereafter. [Doc. No. 53.]

   **IT IS SO ORDERED.**

**DATED:** 9/28/11

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**