**BRYAN CAVE LLP**
Sean D. Muntz, California Bar No. 223549
3161 Michelson Drive, Suite 1500
Irvine, CA 92612
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
Email: sean.muntz@bryancave.com

**BRYAN CAVE LLP**
Jay A. Zweig, Arizona Bar No. 011153 (admitted *pro hac vice*)
One Renaissance Square
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
Email: jay.zweig@bryancave.com

**BRYAN CAVE LLP**
Karen K. Cain, Missouri Bar No. 47420 (admitted *pro hac vice*)
1200 Main Street, Suite 3500
Kansas City, MO 64105-2100
Telephone: (816) 372-3200
Facsimile: (816) 374-3300
Email: karen.cain@bryancave.com

Attorneys for Defendants
Dillard's, Inc. and Dillard Store Services, Inc.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br>Plaintiff, <br><br>v. <br><br>DILLARD'S INC., DILLARD STORE SERVICES, INC., and DOES 1-11, inclusive, <br><br>Defendants. | Case No. 3:08-cv-01780-IEG-PCL <br><br>**DECLARATION OF CAROL KOROS IN SUPPORT OF DEFENDANTS DILLARD'S, INC. AND DILLARD STORE SERVICES, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS** |

## DECLARATION OF CAROL KOROS

Carol Koros, of lawful age, gives this declaration:

1. I currently am over 18 years of age, and I have personal knowledge of the facts set forth below and could and would testify competently to them if called upon to do so.

2. I submit this Declaration in Support of DEFENDANTS DILLARD'S, INC. AND DILLARD STORE SERVICES, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS.

3. I am employed as the Legal Assistant to the Secretary, Vice President and General Counsel at Dillard's, Inc. ("Dillard's"). I have been in this role since sometime before January 2005 and throughout this period have been a corporate resource for stores in regards to attendance issues that may arise from time to time. My role includes many responsibilities one of which involves working directly with stores when a manager has a question relating to attendance or leave, and I work with store management on occasion when an associate has requested leave or a lesser accommodation whether that may be for a personal reason or otherwise. I also have been designated as a 30(b)(6) corporate representative for Dillard's in this matter on select topics. My deposition in that regard was held on Friday, January 27, 2011, and I have not yet received a final transcript of my testimony. During the 30(b)(6) portions of my deposition testimony, I addressed—among other things—the points set forth in Paragraphs 4 and 5 of this Declaration.

4. The purpose of Dillard's former attendance policy at the Dillard's store in El Centro, California, was not to determine whether employees were disabled under the Americans Disabilities Act ("ADA"). Instead, Dillard's would consider whether the employee was covered by the ADA only if the employee supplied a doctor's note indicating that they needed an accommodation from Dillard's.

5. Dillard's used doctor's notes submitted pursuant to its former attendance policy at the Dillard's store in El Centro, California, to determine whether any requirements under the ADA or FMLA might be applicable, including, for example, confidentiality requirements, applying the FMLA to qualifying absences, and reminding employees that they no longer were required to submit a doctor's note if we had already determined that they were under an FMLA or ADA leave.

I declare under the penalty of perjury that I have carefully reviewed this Declaration and all of the information contained in it is true and correct.

Executed this 30th day of January, 2012, at *Little Rock, AR*.

_____
Carol Koros